**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| PARKER HEBERT, ET AL. | CIVIL ACTION NO. 26-1500 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for settlement enforcement, Record Document 20, filed by the plaintiffs, Parker Hebert and Stephanie Hebert (collectively, "Hebert"). Hebert demands that the defendant, State Farm Fire & Casualty Co. ("State Farm"), split a lump sum settlement into two checks, one with the mortgagee as a payee and the other without. Record Document 20-1 at 6. But almost every federal court to consider this demand, and there have been several, has rejected it. This Court does too. For the following reasons, the motion for settlement enforcement, Record Document 20, is **DENIED WITH PREJUDICE**.

### Background

Hebert sued State Farm for bad faith and breach of contract after their Shreveport, Louisiana home suffered hail damage. Record Documents 1-1 at 5; 20-2 at 14. Hebert had an insurance policy with State Farm that, among other things, stated: "If a mortgagee is named in this policy, any loss payable under Coverage A will be paid to *the mortgagee and you*, as interests appear." Record Document 20-2 at 50 (emphasis added). Coverage A, in turn, referred to the "Dwelling." *Id.* at 46.

Hebert and State Farm later settled the suit for a lump sum of $65,000. *See* Record Document 20-1 at 2. On July 9, 2026, counsel for State Farm wrote to Hebert's attorney: "As we discussed on the phone, State Farm agrees to resolve this matter, full and final for $65,000.00." Record Document 20-2 at 99. Hebert's attorney replied: "Confirmed." *Id.* Hebert's attorney also said: "Please make the check payable to Parker and Stephanie Hebert and The LM Law Firm…." *Id.* Although State Farm provided Hebert with a Receipt, Release, and Indemnity Agreement, Hebert did not execute it. Record Document 22 at 2-3.

State Farm issued Hebert a check for a lump sum of $65,000. Record Document 22-3 at 2. Hebert, Hebert's attorney, and Hebert's mortgage company were listed as payees on the check:


StateFarm STATE FARM FIRE AND CASUALTY COMPANY
FIRE
SPECIALTY CENTRA P74FIREOVERN
JPMORGAN CHASE BANK, NA 56-1544/441
COLUMBUS, OH
1 22 904369 J
CLAIM NO 18-68T1-50T
LOSS DATE 05-22-2024
INSURED HEBERT, PARKER AUSTEN &
DATE 07-10-2026 MM DD YYYY
********************EXACTLY SIXTY-FIVE THOUSAND AND 00/100 DOLLARS $****65,000.00
Pay to the Order of: PARKER HEBERT & STEPHANIE HEBERT & LM LAW FIRM, THEIR ATTORNEY & MISSION SERVICING RESIDENTIAL ISAOA-ATIMA
AUTHORIZED SIGNATURE
AUTHORIZED SIGNATURE
GREEN DROPOUT APPEARS ON FACE OF DOCUMENT
VOID IF GREEN COLORED BACKGROUND IS MISSING
SECURED DOCUMENT WATERMARK APPEARS ON BACK, HOLD AT 45° ANGLE FOR VIEWING - CHECK IS VOID IF DISCOLORED AREAS APPEAR ON FACE OF CHECK

*Id.* Not satisfied, though, Hebert's attorney asked counsel for State Farm to remove the mortgagee as a named payee and then reissue the check. Record Document 20-1 at 3. After some back and forth, State Farm declined to reissue the check. *Id.*

In response, Hebert filed this motion for settlement enforcement. *See generally* Record Document 20. Hebert asked that State Farm be ordered to issue two separate settlement checks. Record Document 20-1 at 6. The first check, according to Hebert,

should be for $36,704.78 and can include the mortgagee as a payee because it represents "contractual damages." *Id.* The second check should be for $28,295.22 and should not include the mortgagee because it is "extra-contractual damages." *Id.*

As a factual matter, Hebert's attorney represents in the pending motion that this damages split was a "settlement term." Record Document 20-1 at 3. That is at best disingenuous. To support that supposed fact, Hebert's attorney points to a damage estimate provided by a State Farm claim specialist months before Hebert filed suit. Record Document 20-2 at 90. Similarly, Hebert's attorney points to other estimates provided by State Farm's counsel in an email correspondence weeks after the settlement was reached. *Id.* at 68. Nowhere in the settlement agreement provided (that is, the email between the parties counsel on July 9, 2026) is there a term for allocation of the $65,000 lump sum. *See generally* Record Document 20-2 at 99.

**Analysis**

The Court begins, as it must, by determining whether it has jurisdiction to consider the pending motion. Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Enforcing a settlement agreement "is more than just a continuation or renewal of the dismissed suit and hence requires its own basis for jurisdiction." *Id.* at 378. Nonetheless, a federal court has ancillary jurisdiction over a settlement agreement "if it explicitly retains jurisdiction over the agreement or incorporates the

agreement in its dismissal order." *Gilbert v. Greenwich Ins. Co.*, No. 20-336, 2021 WL 2954422, at *3 (W.D. La. June 29, 2021) (citing *Kokkonen*, 511 U.S. at 377).

In this case, the Order of Dismissal established that the Court retained its jurisdiction for ninety days to enforce the parties' settlement agreement. Record Document 19. The Order of Dismissal was filed on July 13, 2026, and the pending motion to enforce settlement was filed on August 4, 2026. Record Documents 19, 20. Because Hebert filed the pending motion within the ninety-day period of retained jurisdiction, this Court may consider Hebert's motion.

Turning to the merits, federal courts in Louisiana have routinely rejected Hebert's demand that State Farm be forced to issue two settlement checks and exclude the mortgagee from one of them. *See, e.g.*, *Hebert v. State Farm Fire and Cas. Co.*, No. 24-27, slip op. at 5 (M.D. La. Feb. 4, 2026); *Weil v. State Farm Fire and Cas. Co.*, No. 24-26, slip op. at 6 (M.D. La. Oct. 2, 2025); *Samuels v. State Farm Fire & Cas. Co.*, No. 23-1072, 2025 WL 1479102, at *2 (E.D. La. Apr. 22, 2025); *Williams v. State Farm Fire & Cas. Co.*, No. 23-3289, slip op. at 1 (E.D. La. Jan. 7, 2025); *Hurtado v. Riverside Court Condo. Ass'n Phase II, Inc.*, No. 07-8671, 2009 WL 3614435, at *2 (E.D. La. Oct. 29, 2009).

As one court explained, in Louisiana, "an insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, and the agreement governs the nature of their relationship." *Samuels*, 2025 WL 1479102, at *2 (cleaned up). Under the general rules of contract interpretation, "where the insurance policy's language clearly expresses the parties' intent and does not violate

a statute or public policy, the policy must be enforced as written." *Id.* Ultimately, the contract language at issue in this case, as in the others, is "clear and ambiguous" and "requires that 'any loss payable under Coverage A will be paid to the mortgagee and the [named insured], as interests appear.'" *Id.* Because of that unambiguous language, "the insurance contract between the parties requires that the mortgagee be listed on the check, and separate checks are not required." *Id.*

The Court finds that reasoning persuasive and adopts it. The insurance contract between Hebert and State Farm includes the same provision at issue in these earlier cases. *Compare* Record Document 20-2 at 50, *with Samuels*, 2025 WL 1479102, at *2. That provision clearly and unambiguously required that Hebert's mortgagee be named as payee because it stated: "any loss payable under Coverage A will be paid to *the mortgagee and you*, as interests appear." Record Document 20-2 at 50 (emphasis added). The Court agrees, therefore, that requiring State Farm to issue a separate check excluding Hebert's mortgagee would violate the terms of their insurance contract.

Hebert tried to distinguish this case from its predecessors. Record Document 25 at 3. According to Hebert, a separate check is appropriate, because unlike the earlier cases, Hebert's settlement amount exceeded the estimated damages for repairs. *Id.* Hebert argued further that this excess must be considered "extra-contractual damages" that should be paid as a separate check. *Id.* at 4. But this distinction is not persuasive.

Another court already rejected an argument almost identical to Hebert's. In *Samuels v. State Farm Fire & Casualty Company*, the plaintiff argued, much like Hebert, that his circumstances differed from the parties in previous cases who sought separate checks because those previous cases "did not center on the distinction between contractual and extra-contractual damages." 2025 WL 1479102, at *2. In rejecting that argument, *Samuels* called that a distinction "without a difference," explaining: "Simply put, in a dispute such as this, where the parties did not agree on any allocation of funds between the coverages under the Policy *or* between contractual and extra-contractual damages, there is no basis for the Court to do so by ordering the issuance of separate checks…." *Id.* Here too, despite Hebert's misrepresentations, the parties did not agree on an allocation of funds between different coverages or between contractual and extra-contractual damages. State Farm and Hebert agreed to a lump sum payment of $65,000, nothing more. *See* Record Document 20-2 at 99. This Court, like *Samuels*, has no basis for imposing such an allocation after the fact. Accordingly, Hebert is not entitled to a separate check that excludes the mortgagee from the settlement payment.

## Conclusion

For the foregoing reasons, the motion for settlement enforcement, Record Document 20, filed by the plaintiffs, Parker Hebert and Stephanie Hebert, is **DENIED WITH PREJUDICE**. An order consistent with the terms of this memorandum ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of October, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE